NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUPERIOR INDUSTRIES, INC.,**
*Plaintiff-Appellant,*

**v.**

**MASABA, INC.,**
*Defendant-Appellee.*

---

2013-1302

---

Appeal from the United States District Court for the District of Minnesota in No. 10-CV-0764, Judge Donovan W. Frank.

---

Decided: January 16, 2014

---

JOHN M. WEYRAUCH, Dicke, Billig & Czaja, PLLC, of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief were PAUL P. KEMPF and PETER R. FORREST. Of counsel was PATRICK G. BILLIG.

TIM R. SHATTUCK, Woods, Fuller, Shultz & Smith, P.C., of Sioux Falls, South Dakota, argued for defendant-appellee. With him on the brief was SANDER J. MOREHEAD. Of counsel on the brief was JEFFREY C.

BROWN, Sapientia Law Group PLLC, of Minneapolis, Minnesota.

———————————

Before RADER, *Chief Judge,* CLEVENGER, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* CLEVENGER.

Concurring opinion filed by *Chief Judge* RADER.

CLEVENGER, *Circuit Judge.*

This case involves five patents that Appellant Superior Industries, Inc. ("Superior") has asserted against Appellee Masaba, Inc. ("Masaba"). Following the district court's construction of several terms in these patents, Superior conceded that it could not prevail on its infringement claims against Masaba and successfully moved for summary judgment of non-infringement and dismissal of Masaba's invalidity counterclaims. Although the opinion and order granting summary judgment of non-infringement recited Superior's acknowledgment that it could not establish infringement under the court's claim construction, it did not explain how the construction of any particular term affected the infringement analysis.

Superior expressly reserved the right to challenge the district court's claim construction on appeal, and does so now. But because it is unclear from the record how the disputed constructions relate to infringement, we vacate the district court's judgment and remand for further clarification.

BACKGROUND

On March 12, 2010, Superior asserted five patents against Masaba in the United States District Court for the District of Minnesota. Superior's patents relate to bulk material handling equipment and fall into two

categories, referred to by the parties as the "undercarriage patents" and the "unloader patents," respectively.

## I

The undercarriage patents include U.S. Patent Nos. 7,470,101 ("the '101 patent") and 7,618,213 ("the '213 patent"). These patents describe Superior's support strut system, or undercarriage, for a conveyer belt that carries and deposits bulk material and is raised as the pile of deposited material grows. Masaba manufactures and sells conveyors of its own design that also use a support strut system.

After briefing and a *Markman* hearing, the district court construed several terms in the undercarriage patents consistent with Masaba's proposed constructions. Two of these constructions are in dispute on appeal. The first, "channel beam," or "C-shaped channel beam," appears in claims 1, 6, and 8 of the '101 patent and claims 1, 7, 14, and 15 of the '231 patent. The district court construed this term as a metal beam with three full sides and a fourth partial side.

The second disputed term, "elongate opening," appears in claims 1, 2, and 6 of the '101 patent and claims 1, 7, 14, and 15 of the '231 patent. The district court construed this term as a slot defined by the partial fourth side of the channel beam.

## II

The truck unloader patents include U.S. Patent Nos. 7,424,943 ("the '943 patent"), 7,607,529 ("the '529 patent"), and 7,845,482 ("the '482 patent"). These patents claim a system for handling bulk material unloaded from a dump truck. In the claimed system, a truck drives up an on-site ramp onto a prefabricated low-profile ramp, material is dumped onto a grate, and the material is taken up a conveyor belt. The system includes a support

frame beneath each ramp section that defines a barrier between the pre-fabricated ramp and the on-site ramp.

Masaba has created five different truck unloader designs (models A, B, C, D, and E), and has manufactured and sold one each of models A–D. Brief in Support of Masaba's Motion for Summary Judgment 5. The model being manufactured and sold by Masaba today, model E, unlike Superior's claimed system, does not include a support frame. Higman Affidavit Exhibit E.

After the *Markman* hearing, the district court construed multiple terms in the unloader patents consistent with Masaba's proposed constructions, including: "ramp section," "U-shaped frame," "end frame member," and "drive-on ramp" in the '482 patent; "ramp support frame," "defining a barrier," "configured to support an earthen ramp at a level even with the drive over surface," and "maintain[ing] support of the earthen ramp" in the '529 patent; and "support frame," "frame member [] configured to support an end of an earthen ramp constructed against the frame member," "to provide a material transport vehicle access to the first and second ramps," and "to maintain integrity of the earthen ramp" in the '943 patent.

III

Superior conceded that it could not prevail on its infringement claims under the district court's claim constructions and moved for summary judgment of non-infringement subject to the right to appeal the constructions. Superior also moved to dismiss Masaba's invalidity counterclaims, and Masaba cross-moved for summary judgment of non-infringement.

The district court granted Superior's motions and dismissed Masaba's motion as moot. *Superior Indus. LLC v. Masaba, Inc.*, No. 10-764, 2013 WL461541, at *2–3 (D. Minn. Feb. 7, 2013) ("*Superior*"). In its opinion and order

granting Superior's motions, the district court noted Superior's acknowledgment that it could not establish infringement for any of the asserted patents. *Id.* at *1. For this reason, the court concluded that "under the Court's claim construction, there are no material facts in dispute regarding Masaba's alleged infringement of the patents-in-suit," *id.* at *2, and granted summary judgment of non-infringement in favor of Masaba. The opinion and order included no further analysis of Superior's infringement claims and no discussion of how the court's construction of any given term affected the infringement analysis.

Superior now appeals the district court's construction of thirteen claim terms in the undercarriage and unloader patents. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

When a judgment that comes to us on appeal suffers from an ambiguity on the grounds for decision, we have the authority to remand for further clarification. *See Bush v. Palm Beach County Canvassing Bd.*, 531 U.S. 70, 78 (2000). In particular, when asked to review a district court's claim constructions, we have remanded when the record provided an insufficient basis for meaningful review. *Jang v. Boston Scientific Corp.*, 532 F.3d 1330 (Fed. Cir. 2008); *Nazomi Commc'ns, Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1371–72 (Fed. Cir. 2005).

Our opinion in *Jang* is instructive. Following the district court's claim construction in *Jang*, the parties stipulated that the patentee could not prove infringement. 532 F.3d at 1332–1333. Based on the stipulation, the district court entered partial summary judgment of non-infringement in favor of the alleged infringer. *Id.* Neither the stipulation nor the court's judgment provided any

detail about how the court's construction affected the infringement analysis. *Id.*

When the patentee in *Jang* contested the district court's claim construction on appeal, we determined that the court's judgment suffered from two ambiguities justifying remand. *Id.* at 1335–1336.

First, we noted that it was "impossible to discern from the stipulated judgment which of the district court's claim construction rulings would actually affect the issue of infringement." *Id.* at 1336. We explained that this presented a "risk [of] rendering an advisory opinion as to claim construction issues that do not actually affect the infringement controversy," *id.*, a risk that was of significant concern given that Article III tribunals have no jurisdiction to render such opinions.

Second, we expressed our concern that "the stipulated judgment provide[d] no factual context for the claim construction issues presented by the parties." *Id.* at 1337. We explained that this missing context made it difficult for us to understand the issues and provide meaningful review.

Because of the two ambiguities in *Jang*, we determined that remand for further clarification of the issues was appropriate.

## II

The case before us implicates the same two concerns that justified remand in *Jang*.

## A

First, the district court's summary judgment opinion and order does not explain how its construction of any term would affect Superior's infringement claims. The opinion states only that, in light of the court's claim construction, "Superior acknowledges that it cannot establish infringement of any of the claims of the patents-

in-suit." *Superior* at *1. It is impossible for us to determine from this opinion which of the thirteen contested claim constructions would "actually affect" the infringement analysis. This poses a risk that our review of at least some of these constructions would amount to an advisory opinion.

Nor was this concern adequately addressed by the briefing or at oral argument. In fact, the limited information about infringement provided by the parties exacerbates this concern.

With respect to the undercarriage patents, for example, Superior contests the district court's construction of the term "channel beam." The parties dispute whether the term denotes a beam with three sides or whether it denotes a beam that necessarily includes a partial fourth side.[1] But in its brief, Masaba claims that the allegedly infringing support strut system does not use a channel beam at all. Appellee Br. 12 ("Masaba's strut design lacks a 'beam' with a 'channel'[.]"). Masaba also asserted at oral argument that its product does not use a channel beam. Oral Argument at 21:36–21:43. If this is true, then the question of whether the claimed channel beam requires a partial fourth side is irrelevant to infringement and any guidance we provide on this question would be advisory. Although Superior contested Masaba's characterization of the allegedly infringing product at oral argument, Oral Argument at 2:49–3:15, it is still far from clear to us whether Masaba's product uses a channel beam. In this regard, there is no finding of fact in the record to which we can turn for assistance. *Id.* at 26:26–27:12. We thus cannot be certain that our review of the district court's construction would have any effect on the infringement analysis.

---

[1]    The district court construed the term as requiring a partial fourth side.

There is similar uncertainty for several of the disputed terms in the unloader patents. Many of these terms, including "U-shaped frame," "end frame member," "ramp support frame," "defining a barrier," "configured to support an earthen ramp at a level even with the drive over surface," "maintain[ing] support of the earthen ramp," "support frame," and "frame member [] configured to support an end of an earthen ramp constructed against the frame member," involve the support frame located under the ramp sections in the claimed unloader system.

Not all of Masaba's accused unloader systems include a support frame, however. At oral argument, the parties agreed that Masaba's "E" model unloader—the model that Masaba manufactures and sells today—does not include a support frame. Oral Argument at 4:20–4:32, 9:10–10:50, 25:30–25:49. Masaba also claimed at oral argument that its unloader models A–D do not use a support frame, *id.* at 25:30–26:15, although Superior apparently contests this, *id.* at 4:20–4:32, 10:50–11:05.

If none of the accused products includes a support frame, then the multiple terms relating to the support frame are irrelevant to the infringement analysis and our review of the district court's construction of these terms would be an impermissible advisory opinion. The risk of issuing such an opinion suggests that remand for clarification is warranted here.

B

Also implicated here is the concern of insufficient factual context. As in *Jang*, there is nothing in the district court's summary judgment order and opinion that "provides any context with respect to how the disputed claim construction rulings relate to the accused products." 532 F.3d at 1337. Although we may choose to review a judgment with thin factual context if sufficient context can be gleaned from the record, *id.* (citing *Mass. Inst. Of Tech. v. Abacus Software*, 462 F.3d 1344, 1350 (Fed. Cir. 2006);

*Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350 (Fed. Cir. 2006)), this is not the case here. As explained above, it is unclear for several disputed terms whether a revised construction would have any effect on the infringement analysis at all. Assuming that a revised construction would affect the infringement analysis for the remaining terms, it is still unclear what this effect would be. A remand for clarification is necessary to enable this court properly to exercise its appellate jurisdiction. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326–27 (Fed. Cir. 2006).

## CONCLUSION

For the reasons provided above, we vacate the district court's judgment of February 7, 2013 granting summary judgment of non-infringement to Masaba and remand for further proceedings consistent with this opinion.

## VACATED AND REMANDED

### COSTS

Each side shall bear its own costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUPERIOR INDUSTRIES, INC.,**
*Plaintiff-Appellant,*

**v.**

**MASABA, INC.,**
*Defendant-Appellee.*

---

2013-1302

---

Appeal from the United States District Court for the District of Minnesota in No. 10-CV-0764, Judge Donovan W. Frank.

---

RADER, *Chief Judge*, concurring.

I agree with, and join in, the majority opinion. However, in reviewing the claim constructions articulated by the district court, I observe that it read a great deal into the claims in the process of construing them. Thus, I write separately to articulate a couple claim construction principles that may assist the district court on remand when it revisits its constructions. First, in claim construction, one must not import limitations from the specification that are not part of the claim. *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1354 (Fed. Cir. 2012). Indeed, claims generally are not limited to any particular

embodiment disclosed in the specification, even where only a single embodiment is disclosed. *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1117 (Fed. Cir. 2004). Second, and relevant to this case, a system claim generally covers what the system is, not what the system does. *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990); *see also Roberts v. Ryer*, 91 U.S. 150, 157 (1875) ("The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not."). Thus, it is usually improper to construe non-functional claim terms in system claims in a way that makes infringement or validity turn on their function. *Paragon Solutions, LLC v. Timex Corp.*, 566 F.3d 1075, 1091 (Fed. Cir. 2009).